# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

CHRISTOPHER A. MITCHELL,

        Plaintiff,

    v.

MICHAEL WEINIG, INC.,

        Defendant/
        Third-Party Plaintiff,

    v.

APPALACHIAN WOOD FLOORS, INC.,

        Third-Party Defendant.

Case No. 2:17-cv-905
JUDGE GEORGE C. SMITH
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court upon Third-Party Plaintiff Michael Weinig, Inc.'s Motion for Reconsideration ("Weinig's Motion") (Doc. 49). The motion is briefed and ripe for disposition. For the following reasons, Weinig's Motion is **DENIED**.

## I.     BACKGROUND

Defendant and Third-Party Plaintiff Michael Weinig, Inc. imported and installed a wood processing machine in Third-Party Defendant Appalachian Wood Floors, Inc.'s facility in Portsmouth, Ohio. (Doc. 1, Compl. ¶¶ 4, 9). On October 22, 2015, Plaintiff Christopher Mitchell, an employee of Appalachian, was injured when attempting to retrieve a piece of lumber that had fallen into the machine. (*Id.* ¶¶ 11–14). Mitchell commenced this action on October 18, 2017 asserting claims against Weinig for product defect, negligent installation, and improper training.

(*Id.* ¶¶ 20–36).  Mitchell also filed a workers' compensation claim for his injuries, pursuant to which Ohio's Bureau of Workers' Compensation had paid out over $75,000 as of February 9, 2018.  (Doc. 32-1, Letter from Bureau of Workers' Compensation).

After answering Mitchell's Complaint, Weinig commenced a third-party claim against Appalachian seeking indemnification under the purchase order for the wood processing machine. (Doc. 20, 3d Party Compl.).  Weinig also asserted a breach of contract claim for failure to obtain insurance with Weinig listed as a named insured, as required by the purchase order.  (*Id.*).  Finally, Weinig also claimed attorneys' fees associated with bringing its third-party complaint against Appalachian as provided by the purchase order.  (*Id.*).  After answering Weinig's Third-Party Complaint, Appalachian moved for judgment on the pleadings, asserting that Weinig's third-party claims are barred under Ohio's Workers' Compensation Act, R.C. § 4123, *et seq.*, and Section 35, Article II of the Ohio Constitution.  (Doc. 32).  Weinig then moved for summary judgment on liability against Appalachian, arguing that the purchase order was governed by North Carolina law pursuant to a choice-of-law provision, and that its claims are viable under North Carolina law. (Doc. 38).  This Court granted judgment on the pleadings for Appalachian and denied Weinig's summary judgment motion on August 24, 2018.  (Doc. 48, Order).

Weinig now moves for reconsideration of that Order to the extent it granted judgment in favor of Appalachian on Weinig's breach of contract claim arising out of Appalachian's failure to name Weinig as an additional insured on Appalachian's liability insurance policy.  (Doc. 49).

## II.    STANDARD OF REVIEW

A court may exercise its discretion under Federal Rule of Civil Procedure 54(b) to revise "any order adjudicating fewer than all the claims or the rights and liabilities of all the parties" "at any time before the entry of a judgment adjudicating all the claims."  Fed. R. Civ. P. 54(b). "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory

orders and to reopen any part of a case before entry of final judgment." *Harrington v. Ohio Wesleyan Univ.*, No. 2:05-CV-249, 2008 WL 163614, at *1 (S.D. Ohio Jan. 16, 2008) (Holschuh, J.) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004)). "The Court has 'significant discretion' in considering a motion to reconsider an interlocutory order." *Harrington*, 2008 WL 163614, at *2 (quoting *Rodriguez*, 89 Fed. App'x at 959 n. 7.)

Typically, however, courts will reconsider previous interlocutory orders only "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). "Generally, a manifest injustice or a clear error of law requires unique circumstances, such as injunctive relief scenarios or superseding factual scenarios." *McWhorter v. ELSEA, Inc.*, No. 2:00CV473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (Kemp, M.J.). Motions for reconsideration are not intended to be utilized to re-litigate issues previously considered. *Macdermid Inc. v. Electrochemicals Inc.*, Nos. 96-3995, 96-4072, 142 F.3d 435 (Table), 1998 WL 165137, * 6 n. 7 (6th Cir. 1998).

## III. DISCUSSION

The Court previously held that the indemnity provision contained in the purchase order between Weinig and Appalachian was unenforceable as to Mitchell's claims against Weinig due to Ohio Revised Code § 4123.74 and Article II, Section 35 of the Ohio Constitution (both providing for immunity from liability for employers who comply with the requirements of Ohio's workers' compensation scheme). (Doc. 48, Order at 12–13). The Court also found that, because the purchase order provision requiring Appalachian to obtain a liability insurance policy, including Weinig as an additional insured (the "insurance provision"), was illusory in light of the unenforceable indemnity provision, Weinig could not succeed on its claim for breach of the

insurance provision. (*Id.* at 13–14). It is only this latter holding that Weinig asks the Court to reconsider.

Weinig does not cite Rule 54(b) or any other authorities regarding the standard for reconsideration, and it identifies neither an intervening change of controlling law, nor newly-available evidence. Weinig merely argues that the Court reached the wrong conclusion as to the effect the insurance provision, which could be construed as arguing that the Court's previous Order must be revised to correct a clear error. However, for the reasons below, the Court finds that Weinig has not demonstrated a clear error.

Weinig contends that the Court failed to apply the purchase order's severability provision, which should have left the insurance provision intact. (Doc. 49, Mot. at 2–4). But even if the insurance provision were severable, it would still be of no aid to Weinig. As conceded in the motion, "[t]here do not appear to be any cases from Ohio's courts specifically addressing the enforceability of a contractual additional-insured provision in a case involving employer protection from indemnification under the Ohio Worker's Compensation Act." (*Id.* at 5). It is therefore this Court's task to "predict how the [Ohio Supreme Court] would rule by looking to all available data . . . . 'Relevant data include decisions of the state appellate courts, and those decisions should not be disregarded unless [a court is] presented with persuasive data that the [state] Supreme Court would decide otherwise." *Allstate Ins. Co. v. Thrifty Rent-A-Car Systems, Inc.*, 249 F.3d 450, 454 (6th Cir. 2011) (quoting *Kingsley Assoc. v. Moll PlastiCrafters, Inc.,* 65 F.3d 498, 507 (6th Cir. 1995)).

Weinig asserts that Ohio appellate cases construing Ohio Revised Code § 2503.31, which prohibits certain indemnity agreements in construction contracts, are persuasive authorities in its favor. The Court disagrees. While § 2503.31 and the workers' compensation standards share

certain policy underpinnings, one important difference is that § 2503.31 expressly contemplates the purchase of insurance: "Nothing in this section shall prohibit any person from purchasing insurance from an insurance company authorized to do business in the state of Ohio for his own protection." The relevant workers' compensation statute and constitutional provision contain no such disclaimers regarding insurance.

Further, enforcement of additional-insured provisions in the construction context has generally been limited to situations in which the promisor agrees to purchase insurance for the protection of the promisee from the promisor's own negligence. *Buckeye Union Ins. Co. v. Zavarella Bros. Constr. Co.*, 121 Ohio App. 3d 147, 151, 699 N.E.2d 127, 130 (1997) ("If we were to read the additional-insured clause as permitting [the general contractor] to be insured [under a policy obtained by the subcontractor] against [the general contractor's] own negligence, it would run counter to the public policy set forth in R.C. 2305.31"); *Waddell v. LTV Steel Co.*, 124 Ohio App. 3d 350, 360, 706 N.E.2d 363, 370 (8th Dist. 1997) ("we held that such provision was valid only because it did not purport to insure the promisee against his own negligence"); *Fortney & Weygandt, Inc. v. Am. Manufacturers Mut. Ins. Co.*, No. 1:04 CV 48, 2012 WL 13020177, at *6 n.5 (N.D. Ohio Aug. 31, 2012) ("Because the additional insured provisions do not attempt to cover [the general contractor] for its own negligence . . . the present additional insured provisions and coverage do not violate R.C. 2305.31."). Thus, even if the insurance provision required Appalachian to add Weinig as an additional insured, Weinig could be covered only for losses arising out of Appalachian's negligence, not Weinig's own negligence.

Contrary to Weinig's arguments, *Brzeczek v. Standard Oil Co.* does not require a different result. 4 Ohio App.3d 209, 447 N.E.2d 760 (1982). Although the *Brzeczek* court enforced a construction contract requiring a subcontractor to add the general contractor as an additional

insured, without any limitation on coverage for the general contractor's own negligence, Ohio courts have steadily moved away from this position in the almost thirty-seven years since *Brzeczek* was decided. *See Buckeye Union*, *Waddell*, and *Fortney*, *supra*; *see also Liberty Mut. Ins. Grp. v. Travelers Prop. Cas.*, No. 80560, 2002 WL 1933244, *3 (Ohio Ct. App. 2002). Nor is *Stickovich v. City of Cleveland* controlling, because that case involved a political subdivision whose right to be named as an additional insured was protected by a different statute. 143 Ohio App. 3d 13, 28, 757 N.E.2d 50, 62 (Ohio Ct. App. 2001) (relying on Ohio Rev. Code § 2744.08).

As a result, even if Ohio courts were to interpret additional-insured provisions in the workers' compensation context by analogy to the construction context, and even if Appalachian had included Weinig as an additional insured on its liability policy, the insurance coverage would not apply to Weinig's negligence. If this Court "were to read the additional-insured clause as permitting [Weinig] to be insured against its own negligence, it would run counter to the public policy" set forth in Ohio's workers' compensation statutes and constitution. *Buckeye Union*, 699 N.E.2d at 130.

Further, while an additional-insured provision covering Weinig for losses arising out of *Appalachian's* negligence might be enforceable, this coverage would be of no use to Weinig in this case. Mitchell's claims against Weinig all arise out of Weinig's own negligence, not Appalachian's. (Doc. 1, Compl.). It must be so, because "[b]y seeking recovery under the workers' compensation law, [Mitchell] waived recovery for [Appalachian's] negligence. . . . Those claims had been exhausted prior to the [Weinig] action when [Mitchell] collected workers' compensation benefits. Consequently, [an] additional-insured provision[ ] of [Appalachian's liability] policy could not, as a matter of law, apply to [Weinig]." *Buckeye Union*, 699 N.E.2d at 130.

In other words, even when applying Ohio courts' treatment of § 2503.31, Weinig is in no worse a position now than it would have been if Appalachian had fulfilled its contractual obligation to add Weinig as an additional insured. Thus, while Weinig may be able to satisfy certain elements of its breach of contract claim, it cannot satisfy the required element of damages resulting from the breach. *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012) ("damage or loss to the plaintiff as a result of the breach" is a required element of a breach of contract claim under Ohio law). The Court therefore **DENIES** Weinig's request to reconsider dismissal of the breach of contract claim against Appalachian.

## IV.    CONCLUSION

For the foregoing reasons, Weinig's Motion is **DENIED**.

The Clerk shall remove Document 49 from the Court's pending motions list.

**IT IS SO ORDERED.**

  */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**